IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §   CRIMINAL NO. A-09-CR-109 LY |
| | § |
| TIMOTHY LEE CHRISTIANSEN | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on May 6, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On July 6, 2006, Judge Micaela Alvarez of Laredo sentenced the Defendant to 21 months of imprisonment, followed by three years of supervised release, for transporting an undocumented alien, in violation of 8 U.S.C. § 1324. The Defendant was released from the Bureau of Prisons on January 4, 2008, and began supervision at that time. Jurisdiction over his case was transferred to Judge Yeakel on May 4, 2009.

The Defendant has basically struggled with his drug addiction throughout his supervision. In August 2008, he tested positive for use of cocaine, and while no court action occurred, his

treatment requirements were intensified. From September 2008 to January 2009, the Defendant missed many counseling sessions and urinalyses, and was unsuccessfully discharged from treatment in February 2009. After an administrative hearing with the Probation Office, the Defendant requested that he be permitted to work with a different counselor. The Defendant was allowed to begin a program with Cornerstone Counseling in Round Rock, which was also a more convenient location for the Defendant. Despite this, in March 2009, the Defendant twice tested positive for use of amphetamines, and his program was again intensified. The Defendant then missed several sessions in April and May 2009, and was discharged from the program. He continued to submit positive urinalyses throughout June 2009, and the Defendant was given one last chance with an offer by the Probation Office to allow the Defendant to enter an inpatient drug treatment program. The Defendant rebuffed this offer, and, when instructed to provide a urine sample, he stated he could not void, and left the Probation Office. At this time, a warrant was requested, and on July 20, 2009, the undersigned authorized the issuance of a warrant. The Defendant surrendered on that warrant on April 29, 2010. He stated that he had decided he needed to make changes in his life, had recently become sober, and wanted to address these matters.

On May 6, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.[1]

---

[1] The petition also noted that the Defendant had been arrested for UUV and had a state court case pending on that matter. Because that case is remains pending and no adjudication has occurred, the government withdrew this issue and moved forward on the remaining two violations alleged.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13.     The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.     The Defendant violated conditions of his supervised release by: (1) using controlled substances; and (2) failing to participate in counseling sessions and provide urine samples as required.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  While the Court is concerned by the Defendant's repeated drug use and relapses during supervision, the Court finds encouragement in the Defendant's current self-imposed sobriety, and seemingly sincere statements of a desire to remain sober and take steps to make that happen.  Indeed, the Defendant stated that once he had become sober, one of the reasons he intentionally surrendered on the outstanding warrant was that he would be in custody and unable to use if the desire to do so overcame him.  The Defendant has never participated in an inpatient treatment program, and the Court believes that before more severe sanctions are imposed, it is worthwhile to make one last attempt to assist the Defendant in reaching sobriety.  Accordingly, the Court believes that the Defendant's supervision should be CONTINUED, and the term of supervision EXTENDED so that he can remain on supervised release for 12 months following the completion of his inpatient treatment.

Finally, the Court warned the Defendant that because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.

IT IS THEREFORE RECOMMENDED that the the Defendant's supervision should be CONTINUED, and that the terms of the Defendant's supervised release be modified as follows:

1. The Defendant shall reside in and participate in a residential drug or alcohol treatment program, as instructed by the Probation Officer for a period of 90 days. The Defendant may be required to contribute to the costs of services rendered (co-payment) in an amount to be determined by the Probation Officer, based on his ability to pay.

2. The Defendant abstain from the use of alcohol.

3. The Defendant's term of supervised release be extended until July 15, 2011.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE