IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. A-09-CR-109 LY |
| | § | |
| TIMOTHY LEE CHRISTIANSEN | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on May 6, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On July 6, 2006, Judge Micaela Alvarez of Laredo sentenced the Defendant to 21 months of imprisonment, followed by three years of supervised release, for transporting an undocumented alien, in violation of 8 U.S.C. § 1324. The Defendant was released from the Bureau of Prisons on January 4, 2008, and began supervision at that time. Jurisdiction over his case was transferred to Judge Yeakel on May 4, 2009.

The undersigned submitted a Report and Recommendation in this case on May 6, 2010, which sets out in some detail the history of this matter through that time. Rather than repeat that

again here, the Court incorporates that discussion herein. To bring matters up to the present, the recommendation of that May filing was accepted by the district judge, and the Defendant was permitted to continue on supervised release with a modification of his conditions to require participation in inpatient treatment. He commenced that treatment on May 13, 2010, at the Lifetime Recovery Program in San Antonio.

Within three weeks of commencing the program, the Defendant's participation in the program was terminated involuntarily by Lifetime, as a result of several altercations and arguments in which the Defendant was involved. Lifetime alleged that one of these disagreements became physical, and as a result, the Defendant was discharged from the facility on June 7, 2010. Thereafter, the Probation Office requested a warrant, and on June 23, 2010, the undersigned authorized the issuance of a warrant. The Defendant was arrested on that warrant on June 28, 2010.

On July 12, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "NOT TRUE" to the charges against him.

## II.   FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea, he was

sane and mentally competent to stand trial for these proceedings, and was mentally competent to assist his attorney in the preparation and conduct of his defense.

4. The Defendant received a copy of the Petition naming him, and he read it.

5. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

6. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

7. The Defendant violated the conditions of his supervised release by failing to participate in the inpatient treatment program as directed, due to being terminated from the program involuntarily. As stated on the record at the hearing, while the Defendant's termination from the program may not have been solely his fault, he bears sufficient responsibility for it to be held responsible for the termination for purposes of this matter.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  As recently as May, the Court warned the Defendant that because he was then being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.  That time has unfortunately come.

Having considered the above, the Court RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.  Having

considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.  The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE